**BRENDAN McCARTHY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 2nd Avenue North, Ste. 3200
Billings, MT 59101
Phone:      (406) 657-6101
FAX:         (406) 657-6989
E-Mail:     brendan.mccarthy@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **DAVID RICHARD MAPLES,**  Defendant. | **CR 16-22-BU-DLC**  **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

Plaintiff, United States of America, by and through its counsel of record, Brendan McCarthy, Assistant U.S. Attorney for the District of Montana, hereby files the government's response to defendant's sentencing memorandum. Sentencing in this matter is scheduled for February 17, 2017.

1

The Montana Marijuana Act (Mont. Code Ann. § 50-46-301 to 344 (2015)) was passed to allow access to medical marijuana for those with debilitating medical conditions; set the legal boundaries that providers and cardholders must follow; and balance the access of medical marijuana with the need to protect the public health, safety and welfare of local communities. But the enactment of the Montana Marijuana Act does not change the fact that the sale of marijuana on the black market is still a profitable business. And for those marijuana dispensers who want to make extra money, there is the temptation skirt the parameters of the Montana Marijuana Act – which is what happened here with the Montana Buds dispensary in Bozeman.

The PSR sets forth the underlying facts in the investigation into the Montana Buds dispensary, and those paragraphs show the various ways that Montana Buds stepped outside the boundary of the Montana Marijuana Act. PSR ¶¶ 12-25. Specifically, as to this defendant, he admittedly used his apartment to bake some of the products that were used for the marijuana edibles. PSR ¶¶ 26-27. That conduct violated the Act's requirement that: "All registered premises on which marijuana-infused products are manufactured must meet any applicable standards set by a local board of health for a retail food establishment as defined in 50-50-

102." Mont. Code Ann. § 50-46-309(3). Defendant's apartment would not fit the definition of a retail food establishment.

Since the Montana Buds dispensary chose to operator outside the boundaries of the Montana Marijuana Act, the government's prosecution of that conduct was not done arbitrarily. While the Act may have been passed due to the public and legislature's shifting view on marijuana in recent years, there is still a need to promote a respect for the law as it is. As to this defendant, the government certainly does not dispute that he played a minor role in this offense, but that has been taken into account in the calculation of the total offense level.

Therefore, the government asserts that a guideline sentence is a sufficient, but not greater than necessary sentence, in this matter.

In terms of the calculation of the hash oil, the government will present testimony from DEA Special Agent Bryan Fillinger at the sentencing hearing. Agent Fillinger made his best estimate as to the quantity of hash oil found in the defendant's refrigerator. Unfortunately, that hash oil has since been destroyed so that government cannot provide any estimate or inventory of the quantity beyond Agent Fillinger's recollection.

Further, the government learned today that the PSR writer has recalculated the defendant's criminal history and his resulting category is I which makes him

possibly eligible for the safety valve.    At this time, however, the defendant has not interviewed with the government.    (Statements made to the probation officer do not qualify as statements made to the government.)    As such, counsel will reach out to defense counsel to try to set up an interview.

    DATED this 10th day of February, 2017.

                                    MICHAEL W. COTTER
                                    United States Attorney

                                    */s/ Brendan McCarthy*
                                    Assistant U.S. Attorney
                                    Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached memorandum is proportionately spaced, has a typeface of 14 points or more, and the body contains 395 words.

*/s/ Brendan McCarthy*
Assistant U.S. Attorney
Attorney for Plaintiff

CERTIFICATE OF SERVICE
L.R. 5.2(b)

* * *

I hereby certify that on February 10, 2017 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| __2__ | E-Mail |

1. Clerk, U.S. District Court

2. Lance Lundvall, Attorney
   for Thomas Gregory Bailey

> */s/ Brendan McCarthy*
> Assistant U.S. Attorney
> Attorney for Plaintiff

6