Lucas J. Foust
Foust Law Office, P.C.
1039 Stoneridge, Suite 2
Bozeman, Montana 59718
Telephone:  (406) 587-3720
Facsimile:  (406) 587-3820
E-Mail:  lfoust@foustlaw.net

Attorney for Defendant, David Maples

**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-22-BU-DLC |
| Plaintiff, | |
| -vs- | **SUPPLEMENTAL SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF DAVID R. MAPLES** |
| DAVID MAPLES | |
| Defendant. | |

COMES NOW, Lucas J. Foust, attorney for defendant, David Richard Maples and provides the following Supplemental Sentencing Memorandum submitted on behalf of defendant.

## INTRODUCTION

Sentencing for this matter is set for February 17, 2017.  On February 10, 2017, counsel for Defendant was informed that the hash oil which serves as the basis for the Government's position concerning guidline

range has been destroyed. This spoliation of evidence places Defendant at an enormous disadvantage. This is a very big deal and justifies an appropriate remedy.

Although the parties have reached an agreement that Mr. Maples qualifies for the safety valve under 18 U.S.C. 3553(f), determining an appropriate starting point (weight) impacts this Court's analysis in fashioning an appropriate sentence. Deciding whether to incarcerate an individual is this Court's most difficult decision. Information provided to this Court at sentencing requires a very high level of professionalism. Choosing to destroy evidence when a man faces imprisonment based upon that evidence, undermines the professionalism this Court, as well as the citizens of the United States, deserves.

Finally, to the extent that counsel for Defendant referred to a "departure" in his previous Sentencing Memorandum, the below-signed wishes to make it clear that Defendant is requesting a "variance" from the Sentencing Guidelines. To be clear, Defendant respectfully requests this Court focus on the criteria set out under 18 U.S.C. 3553(a) in fashioning an appropriate sentence.

## ARGUMENT

The destruction of the hash oil places David Maples at an enormous

disadvantage at sentencing.  David Maples has been very precise in calculating the amount of hash oil he used in manufacturing edibles and in determining the amount of hash oil in the safe.  In stark contrast, the United States Government's "approximation" has been hap-hazard at best.  The United States possessed the hash oil and chose to destroy it.  If this is a case of systems failure, it should be fixed.  Counsel for Defendant has requested the United States Attorney find the policy behind the Government's decision to destroy this evidence.

### I.   The Government's Destruction of the Hash Oil Violates David Maples Due Process Rights

In *United States v. Sivilla*, 714 F.3d 1168 (9th Cir. 2013) the Ninth Circuit Court of Appeals was clear in how Courts should review the destruction of evidence.  Adopting Judge Kennedy's controlling concurrence in *U.S. v. Loud Hawk* 628 F.3d 1139 (9th Cir. 1979), the Court explained that its "principal concern is to provide the accused an opportunity to produce and examine all relevant evidence, to insure a fair trial."  Further, "Courts must balance the 'quality of the Government's conduct' against 'the degree of prejudice to the accused.'"  *Sivilla*, 714 F.3d at 1171 (quoting *Loud Hawk* 628 F.3d at 1152).

The Ninth Circuit provides the following guidance when weighting the government's conduct against the degree of prejudice:

In evaluating the government's conduct:

> The court should inquire whether the evidence was lost or destroyed while in its custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent in failing to adhere to establish and reasonable standards of care for police and prosecutorial functions, and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification. . . It is relevant also to inquire whether the government attorneys prosecuting the case have participated in the events leading to loss or destruction of the evidence, for prosecutorial action may bear upon existence of a motive to harm the accused.

In evaluating the prejudice to the defendant:

> In analyzing prejudice, the court must consider a wide number of factors including, without limitation, the centrality of the evidence to the case and its importance in establishing the elements of the crime or the motive or intent of the defendant; the probative value and reliability of the secondary or substitute evidence; the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused; the probable effect on the jury from absence of the evidence, including dangers of unfounded speculation and bias that might result to the defendant if adequate presentation of the case requires explanation about the missing evidence.

*Sivilla,* 714 F.3d at 1171-72 (quoting *Loud Hawk*, 628 F.3d at 1152). Although the above criteria are spelled out relating to evidence introduced at trial, the analysis is relevant to what has occurred prior to the sentencing of David Maples.

The hash oil was destroyed while in the custody of the Drug Enforcement Administration. Because notice of the destruction was not provided to Defendant until one week before sentencing, the remaining

criteria covering the government's conduct cannot be adequately outlined for this Court at this time. Defendant respectfully requests this Court allow his counsel to ask questions of the DEA agent regarding the above criteria.

David Maples' due process rights have been violated by the destruction of the hash oil.  The evidence that was destroyed is central to determining an appropriate sentencing guideline range.  As explained above, this entire situation could have been avoided had the government merely retained this evidence.  The substitute evidence (Agent Fillinger's recollection) is wholly inadequate and biased.  David Maples did not plead guilty to a conspiracy charge.  He pled guilty to possessing marijuana with the intent to distribute.  He is legally responsible for the hash oil he had in his possession at the time of the raid, nothing more.  This Court is now asked to rely upon an approximation which, as explained below, is inadequate.

## II.    The Government's Approximation Is Not Reliable

Approximations of drug quantities must meet three criteria.  *United States v. Chase*, 499 F.3d 1061, 1068-69 (9th Cir. 2007).  First, the government is required to prove the approximate quantity by a preponderance of the evidence.  Second, the information which supports an approximation must possess sufficient indicia of reliability to support its

probable accuracy. Finally, the district court must err on the side of caution in calculating approximated drug quantity. *Chase*, 499 F.3d at 1068-69 (9th Cir. 2007). The "approximation" used by the Government to establish the guideline range in this case fails to meet its burden, and lacks reliability. The destruction of the hash oil raises concern as to the reliability of the "approximation." In other words, the tie (unlike a base runner at first base) does not go to the government. This is especially true when the team at bat (the government) has destroyed the instant replay video.

The Government had the opportunity to avoid this entire dispute. Even a proper inventory of the contents of the safe before their destruction would have been sufficient. The fact the Government destroyed the hash oil contained in the safe raises questions of reliability. At a minimum, one would believe the government would keep accurate records to protect the agents who handle the marijuana from being accused of theft.

## CONCLUSION

This Court is required to "err on the side of caution" when using approximations of drug quantities. David Maples has provided this Court with a very accurate and reliable estimate of the amount of hash oil left in the safe. As explained in Defendant's previous memorandum, the hash oil used in the edibles found in his apartment constituted one week of product.

He estimated that the safe contained a supply of hash oil for between six and eight weeks of edibles or 600 to 800 grams leading to a base level offense of 20.

There are only three possible explanations for the destruction of the hash oil: 1) The government followed a policy that the evidence was to be destroyed; 2) it destroyed the evidence in violation of its policy; or 3) it has no policy. The systemic problems contained in 1) and 3) are the most troubling for Defendant. Mistakes happen and evidence may be misplaced or inadvertently destroyed. However, a systemic violation of the due process rights of defendants is more troubling. The only way to protect David Maples and future defendants is to provide some sort of remedy that will encourage the government from doing this again.

Attached as Exhibit A, this Court will find a copy of an Order in *Renner v. Takeda Pharmaceuticals, U.S.A., Inc.* (CV 15-171-M-DLC Dkt. 34). Even in a civil lawsuit, this Court has a number of remedies for parties damaged by the spoliation of evidence. As this Court explains, there are three types of sanctions available in a civil claim, "(1) dismissal of the claim of the party who is responsible for the spoliation; (2) the exclusion of evidence or witness testimony corresponding to the evidence destroyed; or (3) an adverse jury instruction." *Renner,* pg. 5 (Citing Kopitar v. Nationwide

Mut. Ins. Co., 266 F.R.D. 493, 499-500 (E.D. Cal. 2010). Defendant respectfully requests this Court exclude all testimony by Agent Fillinger concerning the amount of marijuana possessed by David Maples. Defendant further requests this Court find that Mr. Maples estimate of 600 to 800 grams of hash oil is accurate and reliable and fix a base level offense of 20.

Respectfully submitted this 13th day of February, 2017.

                                        FOUST LAW OFFICE, P.C.

                                        By: ____/s/*Lucas J. Foust*__
                                                  Lucas J. Foust
                                                  Attorney for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on 13th day of February, 2017 a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM-ECF

<u>    </u>   Hand Delivery

<u>    </u>   Mail

<u>    </u>   Overnight Delivery Service

<u>    </u>   Fax

<u> 3 </u>   E-Mail

1.  CLERK,
    UNITED STATES
    DISTRICT COURT

2.  BRENDAN MCCARTHY
    Assistant U.S. Attorney
    *Counsel for the United States of America*

3.  DAVID MAPLES
    c/o Lucas J. Foust
    *Defendant*

    FOUST LAW OFFICE, P.C.
    By: ___/s/*Lucas J. Foust*_____
    Lucas J. Foust, Attorney for Defendant